**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-md-02666-JNE-DTS |
| This Document Relates to the Following Cases:<br><br>*Lorenzen*, 25-cv-1933<br>*McCracken*, 25-cv-1805<br>*Dahl*, 25-cv-1902 | **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' OBJECTIONS TO REPORT AND RECOMMENDATION** |

## INTRODUCTION

This Court can and should exercise its authority to streamline this MDL by disposing of cases that are "indisputably untimely." (*See* ECF 3445 at 9-10.) Plaintiffs Lorenzen, McCracken, and Dahl fit squarely into this category. Plaintiffs nonetheless insist that this Court expend further judicial resources adjudicating their facially time-barred cases on the ground that the Magistrate Judge's Order & Report and Recommendation ("R&R") (ECF 3562) incorrectly determined that Plaintiffs failed to adequately plead fraudulent concealment. (Plaintiffs' Objections to R&R ("Obj."), ECF 3608 at 1-11.) That contention lacks merit. Plaintiffs' fraudulent-concealment allegations are insufficient, and their claims are time-barred. 3M respectfully requests that the Court overrule Plaintiffs' objections, adopt the R&R, and dismiss their claims.

## LEGAL STANDARD

A party may serve and file specific written objections to the proposed findings and recommendations in an R&R. *United States v. Jones*, 731 F. Supp. 3d 1088, 1091 (D. Minn. 2024) (citing Fed. R. Civ. P. 72(b)(2); D. Minn. LR 72.2(b)(1)). The objections must specify the challenged rulings and the basis for the objections. *Id.*

The Court reviews de novo any proposed ruling on a dispositive motion that is "properly objected to." *Id.* (citing Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3)). Portions of the R&R that are not objected to, non-specific objections, and objections that "merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). Rulings on nondispositive motions are likewise reviewed under the deferential "clearly erroneous or contrary to law" standard. Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3). However, "[w]hen a motion to amend a pleading is opposed on grounds of futility and a party seeks review of the magistrate judge's determination of the issue of futility, the district court will review the futility determination de novo." D. Minn. LR 72.2(a)(3)(C).

## ARGUMENT

### I. Plaintiffs' Claims Can Be Dismissed at the Pleadings Stage.

Plaintiffs rely almost entirely on *Strassburg v. Citizens State Bank* to argue that statute-of-limitations and fraudulent-concealment issues must be decided by a jury. But that is the same misplaced argument Plaintiffs previously advanced before this Court. (*See* Memorandum in Opposition to Defendants' Motion for Judgment on the Pleadings, ECF 3319 at 10-11.) Plaintiffs again try to extract from *Strassburg* a categorical rule that courts may never decide the sufficiency of fraudulent concealment claims at the pleadings stage. But neither *Strassburg* nor any other South Dakota case holds such a thing. Although the court recognized that "[s]tatute of limitations questions are usually jury questions," it also made clear that a dispositive motion is appropriate where there is no genuine issue of material fact. *Strassburg v. Citizens State Bank*, 581 N.W.2d 510, 513, 517 (S.D. 1998) ("[W]e must ascertain whether there is any genuine issue of material fact concerning the date the cause of action accrued; if not, and if the applicable limitations period has expired as a matter of law, then the [defendant] was entitled to summary judgment.").

As recognized by the R&R, courts have addressed South Dakota's fraudulent concealment doctrine on a motion to dismiss and granted such motions. (R&R at 12-13 (citing *In re Processed Egg Prods. Antitrust Litig.*, 931

F. Supp. 2d 654, 663 (E.D. Pa. 2013); *Rindahl v. Reisch*, No. 4:22-CV-04073, 2024 WL 1257348, at *5 (D.S.D. Mar. 25, 2024))); *see also Cashman v. CHS, Inc.*, 2013 WL 2458621, at *4 (D.S.D. June 6, 2013) (granting defendants' motion for judgment on the pleadings where fraudulent concealment did not toll the statute of limitations because plaintiff "was aware of the basic operative facts of his cause of action"); *Mattson v. Rosebud Electric Cooperative*, 2025 WL 3208889, at *21 (D.S.D. Nov. 17, 2025) (dismissing plaintiffs' claim and finding plaintiffs were not entitled to tolling of the applicable statute of limitations because of their failure to adequately allege fraudulent concealment).

Plaintiffs seek to distinguish their claims by asserting that they have adequately alleged that they lacked knowledge of their claims. (Obj. at 6.) Plaintiffs claim they did not know a Bair Hugger had been used during their surgeries, that nothing in their medical records linked the device to their infections, and that 3M's misrepresentations obscured the risk from their doctors. (Obj. at 6, 9.) Even accepting those allegations as true, they do not establish a lack of operative knowledge. Rather, they establish, at most, that Plaintiffs failed to investigate their injuries with reasonable diligence. Each Plaintiff knew they had developed an infection after their initial surgery. And each Plaintiff's surgery occurred years after the formation of this MDL. Moreover, Plaintiffs' own proposed amended complaints cite twenty-five

published studies discussing the alleged risk of infection associated with Bair Hugger. (Am. Compl. ¶ 107.)

Plaintiffs contend they exercised due diligence because they reviewed medical records and inquired with their treating providers about potential causes of their infections. (Obj. at 9; Am. Compl. ¶ 164.) However, as the R&R found, "[g]iven the easily accessible and highly publicized information allegedly linking Bair Hugger to PJIs, a reasonably diligent plaintiff could—and would—have discovered a potential claim." (R&R at 12); *see also City of Bos. v. Express Scripts, Inc.*, 765 F. Supp. 3d 31, 42-43 (D. Mass. 2025) (holding fraudulent concealment did not toll limitations periods where other plaintiffs filed similar complaints against defendants in a "highly publicized MDL"), *aff'd sub nom. City of Bos. v. OptumRx, Inc.*, 169 F.4th 58 (1st Cir. 2026). Even *Strassburg* recognized that "[f]raudulent concealment will not toll the statute of limitations, no matter the nature of the concealment, if a plaintiff is already on notice of a cause of action." 581 N.W.2d at 516.

Here, Plaintiffs fail to allege that 3M intentionally concealed some fact from any individual Plaintiff, that 3M knew of Plaintiffs' existence, or that 3M communicated any specific misrepresentation to any of Plaintiffs' treating providers. Therefore, the Court correctly concluded that because it was not adequately pled, fraudulent concealment need not be left for a jury.

## II. Plaintiffs Have Not Adequately Pled Fraudulent Concealment.

Plaintiffs insist that their proposed amended complaints cure the deficiencies in pleading fraudulent concealment that the R&R identified. (Obj. at 6-8.) They do not. The Court correctly concluded that "Plaintiffs do not identify what specific representation they encountered, when they encountered it, how it deterred them from investigating, or how it prevented them from filing within the applicable period," that they "do not allege that they sought information but were affirmatively misled in a manner that prevented suit," and that they "do not allege that any particular act by 3M caused them to forgo investigation or postpone filing." (R&R at 11.) Plaintiffs do not meaningfully engage with any of these findings. Instead, they simply recharacterize the same allegations the R&R already considered and rejected.

Under South Dakota law, a plaintiff must show "(1) the [defendants] knowingly concealed material facts that constitute plaintiffs' causes of action or, being fiduciaries, knowingly remained silent and failed to disclose those facts despite a duty to do so; (2) plaintiffs exercised due diligence in attempting to discover their causes of action; and (3) despite plaintiffs' due diligence, the [defendants'] concealment prevented plaintiffs from discovering their causes of action." *Eagleman v. Diocese of Rapid City*, 862 N.W.2d 839, 850 (S.D. 2015). Moreover, fraudulent concealment requires "some affirmative act or conduct on the part of the defendant designed to prevent, and which does prevent, the

discovery of the cause of action." *Strassburg*, 581 N.W.2d at 515 (quoting *Koenig v. Lambert*, 527 N.W.2d 903, 905-06 (S.D. 1995)). All of Plaintiffs' proposed amendments fall short of this standard.

Plaintiffs fail to allege that 3M acted to conceal any specific fact from any individual Plaintiff, nor do Plaintiffs allege that any specific 3M statement was directed to or received by any Plaintiff, or that any Plaintiff's treating provider received, read, or relied upon any particular 3M representation in deciding to use the Bair Hugger on that Plaintiff. What Plaintiffs offer instead is a speculative theory of trickle-down concealment, whereby 3M allegedly made statements to the medical community at large, and those statements thereby trickled down to Plaintiffs' providers who hypothetically may have relied on them. But *Strassburg* requires more than this. It requires conduct that "does prevent" discovery. *Strassburg*, 581 N.W.2d at 515. Plaintiffs, however, make no allegations of any specific conduct by 3M directed at any specific Plaintiff that *did* prevent them from discovering their claim. Accepting this theory would effectively allow any products liability plaintiff to circumvent the statute of limitations through generalized allegations that a manufacturer marketed its product as safe—a result that would render § 15-2-12.2's limitations period a nullity in any case involving a marketed product.

Plaintiffs place particular emphasis on the 2018 International Consensus Meeting, pointing to Dr. Parvizi's consulting arrangement, Dr.

Mont's editing role, and the undisclosed financial relationships as evidence of "considerable particularity." (Obj. at 7; Am. Compl. ¶¶ 134, 148-152.) But identifying participants in an alleged "scheme" is not the same as alleging how that scheme prevented *these* Plaintiffs from discovering *their* claims. Plaintiffs do not allege that 3M took action to deceive any particular Plaintiff and their medical providers or even that any Plaintiff's provider actually read the Consensus statement and was influenced by it in making any treatment decision.

Plaintiffs' reliance on the Partnership Program Agreement fares no better. Plaintiffs allege that 3M's safety representations led to the Agreement, that Bair Hugger units were provided to their hospitals, and that those units were used during Plaintiffs' surgeries. (Obj. at 7; Am. Compl. ¶¶ 135-137.) But this chain—from 3M to the medical community generally, to hospitals, to Plaintiffs—is precisely what the R&R correctly characterized as "attenuated and conclusory." (R&R at 12.) Once again, Plaintiffs do not identify any specific misrepresentation connected to the Agreement that was communicated to any of Plaintiffs' specific providers, nor do they allege that any provider's decision to use the Bair Hugger was based on a particular 3M statement. In short, Plaintiffs cannot identify any point at which they were affirmatively misled or any particular act by 3M that caused them to delay filing. *See Eagleman*, 862 N.W.2d at 852 (concluding fraudulent concealment did not apply where

"plaintiffs offer[ed] no evidence that the [defendants'] actions, inactions, or silence fraudulently led them to forego or delay their claims").

Even if Plaintiffs could establish some basis for tolling, it would not save their claims. Tolling ceases when the claim "is discovered or might have been discovered with reasonable diligence." *Gades v. Meyer Modernizing Co.*, 865 N.W.2d 155, 160 (S.D. 2015) (quoting *Strassburg*, 581 N.W.2d at 515); *see also Zephier v. Catholic Diocese of Sioux Falls*, 752 N.W.2d 658, 666 (S.D. 2008) ("Fraudulent concealment does not, however, toll the statute of limitations, no matter the nature of the concealment if a plaintiff is already on notice of facts sufficient to give rise to a claim."). As discussed above, the information necessary to discover Plaintiffs' claims was publicly available throughout the limitations period, and Plaintiffs themselves cite twenty-five published studies allegedly linking Bair Hugger to infection in their amended complaints. Moreover, each Plaintiff was diagnosed with an infection more than five years before filing suit. Any tolling would have ceased long before Plaintiffs' complaints were filed.

Plaintiffs' proposed amended complaints fail to plead fraudulent concealment with the particularity that South Dakota law requires. Plaintiffs still do not identify any act of concealment directed at any individual Plaintiff, do not allege when or how each Plaintiff discovered the alleged fraud, and do not plausibly allege that any specific conduct by 3M actually prevented them

from discovering their claims within the limitations period. The Court correctly found that Plaintiffs failed to adequately allege fraudulent concealment.

## III. The R&R Correctly Denied Plaintiffs' Motions for Leave to Amend as Futile.

Without a viable theory of fraudulent concealment to toll the statute of limitations, Plaintiffs' proposed amendments remain futile. "Denial of a motion for leave to amend on the basis of futility 'means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'" *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (quoting *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008)). That is precisely the case here. As recognized by this Court and as set forth above, there is no plausible basis for tolling Plaintiffs' claims, and all their proposed amendments remain time-barred. (R&R at 13.) Accordingly, amendment would be futile and dismissal is appropriate. *See Wong v. Wells Fargo Bank N.A.*, 789 F.3d 889, 897 (8th Cir. 2015) ("A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) as barred by a statute of limitations if the complaint itself shows that the claim is time-barred.").

## CONCLUSION

For the foregoing reasons, 3M respectfully requests that this Court adopt the R&R and dismiss Plaintiffs' claims with prejudice.

Date: August 28, 2026

Respectfully submitted,

*s/John P. Mandler*
John P. Mandler (#0194438)
M. Joseph Winebrenner (#0387889)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
john.mandler@faegredrinker.com
joe.winebrenner@faegredrinker.com

Benjamin W. Hulse (MN #0390952)
NORTON ROSE FULBRIGHT US LLP
60 South Sixth Street, Suite 3100
Minneapolis, MN 55402
Phone: (612) 321-2800
ben.hulse@nortonrosefulbright.com

***Counsel for Defendants 3M Company and Arizant Healthcare Inc.***